# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7555 | **DATE** | 1/23/2004 |
| **CASE TITLE** | Lefkovitz, et al. vs. Wagner, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiffs' motion for sanctions. Plaintiffs' motion of inquiry at the request of the Seventh Circuit is granted as follows: This court does not intend to revisit its ruling on plaintiffs' Section 1927 motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 6 2004 date docketed | 138 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 1/23/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | '04 JAN 27 AM 5:41 | MPJ mailing deputy initials | |
| | | Date/time received in Central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIGMUND LEFKOVITZ, et al., )
)
Plaintiffs, )
)
v. ) No. 97 C 7555
)
NATHAN WAGNER, et al., )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Plaintiffs include Sigmund Lefkovitz, Irving Lefkovitz, a number of their relations, and several trusts of which the Lefkovitzes and/or their relations are trustees. Plaintiffs moved for confirmation of an arbitration award, which I granted in a November 10, 2003 Memorandum Opinion and Order ("November 10 Order").[1] I also denied several motions to intervene in that same order. Plaintiffs now move for sanctions, pursuant to Rule 11 and the court's inherent authority, against defendants Nathan Wagner, Robert Goldman, Albert Schwartzberg, and Jay Felner, and against proposed intervenors Certain General Partners and Sixty Business Organizations (collectively, "proposed intervenors"). I deny the plaintiffs' motion for sanctions.

Plaintiffs argue that the defendants and the proposed intervenors violated Rule 11 of the Federal Rules of Civil

---

[1] The complex factual and procedural history of this case is set out in more detail in the November 10 Order.

Procedure, which provides that representations to the court should not be made "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The plaintiffs argue that the defendants control the proposed intervenors and caused them to file motions to intervene only weeks before I was to rule on the confirmation of the arbitration award.

Rule 11 sanctions are only to be granted sparingly, *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and should not be imposed lightly. *Zralka v. Tures*, 708 F. Supp. 948, 951 (N.D. Ill. 1989). The defendants and proposed intervenors first argue that they are not subject to Rule 11 sanctions because the defendants did not file the motions to intervene and the proposed intervenors are not and were not parties. Sanctions may be imposed on "the attorneys, law firms, or parties that have violated subsection (b) or are responsible for the violation." Fed. R. Civ. P. 11(c). The defendants, who are alleged to control the proposed intervenors, are therefore subject to potential sanctions. However, the proposed intervenors are not and have never been parties to this action. While their non-party status means that Rule 11 does not apply to them, I may still sanction the proposed intervenors under the inherent power of the court.

Plaintiffs argue that sanctions should be imposed because the motions to intervene (1) were untimely filed; (2) made identical

arguments to those asserted by the defendants; (3) represented an inconsistent position with that earlier taken by defendants; and (4) were duplicative filings meant only to harass plaintiffs. Plaintiffs rely on several cases to illustrate these points, but that reliance is misplaced. In *Ordower v. Feldman*, 826 F.2d 1569 (7th Cir. 1987), Rule 11 sanctions were imposed when the plaintiffs engaged in "serial service" to the various defendants named in their complaint. *Id.* at 1574-75. At the time when they executed the service for which they were sanctioned, the plaintiffs knew that other, earlier-served defendants had already successfully had the claims dismissed for improper service. *Id.* at 1575. Here, there is no such blatant disregard for timeliness and deadlines. The proposed intervenors moved to intervene on September 3, 2003. While they could have done so earlier, the timing of their attempted intervention in no way prejudiced the plaintiffs; the ruling date was not affected by the motions to intervene, nor did plaintiffs forfeit any legal arguments because of the motions. The proposed intervenors claim that the decision to intervene was not made until after plaintiffs' August 22, 2003, filing in support of their motion to confirm the arbitration award in which plaintiffs argue that defendants could not raise arguments on behalf of the proposed intervenors, because those entities could have moved to intervene. The 11-day delay between the plaintiffs' filing and that of the proposed intervenors does not seem unreasonable.

Plaintiffs' other cited cases are equally inapposite. Rule 11 sanctions were held to be appropriate where the sanctioned party had filed a second motion to remand her case where the first motion was denied on the merits and nothing had changed about the case. *Chase v. Shop 'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 430-31 (7th Cir. 1997). There is no analogy present in this case, where the motions to intervene were the first of their kind and no ruling had been issued on the validity of such motions. Finally, the filings related to the motions to intervene were not so voluminous as to justify sanctions. The defense attorney in *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640 (7th Cir. 1992), "was in the practice of submitting voluminous briefs (sometimes exceeding 100 pages), thick memoranda in apparent support of various motions (often 70-80 pages), and large, tedious affidavits." *Id.* at 643. Nothing filed in relation to the motions to intervene even comes close to such a level of excess. The plaintiffs' motion for sanctions is denied.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: January 23, 2004